## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ACCESS MEDIQUIP L.L.C., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2965 |
| | § | |
| UNITEDHEALTH GROUP | § | |
| INCORPORATED, *et al.*, | § | |
|     Defendants. | § | |

## <u>MEMORANDUM AND ORDER</u>

This case is before the Court on the Motion for Partial Summary Judgment on Preemption ("Motion") [Doc. # 84] filed by Defendant UnitedHealthcare Insurance Company ("United"), to which Plaintiff Access Mediquip, L.L.C. ("Access") filed a Response [Doc. # 110], United filed a Reply [Doc. # 112], and Access filed a Sur-Reply [Doc. # 120]. Having reviewed the record and applied governing legal authorities, the Court **grants** the Motion.

## I.  <u>BACKGROUND</u>

Access facilitates the acquisition of and payment for medical devices used in surgery.[1] Relevant to the pending Motion, Access provided medical devices that were

---

[1]  There are thousands of claims in issue in this case involving pain pumps and non-pain pump devices. The Court required discovery on the largest 300 non-pain pump claims.

used in surgical procedures performed on patients who were enrolled in plans governed by the Employee Retirement Income Security Act ("ERISA") and administered by United.  Access alleges that, as to each of these devices, it contacted United before accepting the referral to facilitate acquisition of the particular medical device.  Access alleges that, in each case, it was informed by United's representative that the patient was covered by the relevant ERISA plan, that the relevant device was covered, and that Access could bill United directly.  Access alleges that United subsequently failed to pay Access the full amount billed.

Access filed this lawsuit, alleging that some of the claims were governed by ERISA.  As to those claims, Access seeks to recover under 29 U.S.C. § 1132(a)(1)(B) for the unpaid benefits.  Access alleges that other claims are not governed by ERISA and, as to those claims, Access asserts state law causes of action for promissory estoppel, *quantum meruit*, unjust enrichment, negligent misrepresentation, and violations of the Texas Insurance Code.

United argues that Access's state law causes of action as to most of the largest 300 non-pain pump claims[2] are preempted by ERISA, and it seeks summary judgment on the preemption issue.  United identified three exemplar claims for the focus of its

---

[2]     Access concedes that nine of the 300 claims are governed by ERISA, and United concedes that twenty-one are not governed by ERISA.

Motion. Patient L.G. was a patient at Century City Doctors Hospital ("Century City") and Access provided a lumbar prosthesis for use in L.G.'s back surgery. Access alleges that it contacted United and was told that L.G. was insured, that Access's billing code was valid, and that Access could bill United for the prosthesis. Access billed United, and United requested additional information from Access. Access failed to provide the supplemental information, and United refused to pay the amount billed.

Patient L.C. was also a patient at Century City, and Access provided spine fusion instrumentation for use in L.C.'s back surgery. Access alleges that it contacted United and was told that L.C. was insured, that L.C. had out-of-network coverage, and that Access could bill United for the device. Access alleges that United, having paid Century City for the device, refused to pay Access.

Patient D.T. was a patient at University General Hospital ("University General"), and Access provided a spinal cord stimulator to be implanted during D.T.'s back surgery. Access alleges that it contacted United and was told that D.T. had coverage for the procedure. United provided a reference and authorization number for Access to use when submitting the claim for D.T.'s spinal cord stimulator. Access alleges that United subsequently refused to pay the full amount of Access's bill,

stating that certain charges were not reimbursable for "this provider in this place of service."

United's Motion on the preemption issue has been fully briefed and is now ripe for decision.

## II.     STANDARD FOR SUMMARY JUDGMENT

"For a defendant to obtain summary judgment on an affirmative defense, it must establish beyond dispute all of the defense's essential elements." *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Community Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).  There exists a dispute precluding summary judgment if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).  The facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

## III.   **ERISA PREEMPTION ANALYSIS**

United asserts that Access's state law causes of action for the subject claims are preempted under § 514 of ERISA, which creates "conflict preemption" for state law causes of action that relate to an ERISA plan.  *See* 29 U.S.C. § 1144(a).  A state law "relates to" an ERISA plan if it "has a connection with or reference to such a plan." *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)).  To establish that the state law causes of action in this case are subject to conflict preemption under ERISA, United has the burden to prove (1) the cause of action "addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of the Plan; and (2) the claim directly affects the relationship among traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir. 2006) (quoting *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004)).  ERISA preempts state law causes of action that allege improper processing of a claim for plan benefits or would have the effect of modifying the express terms of an ERISA plan.  *See Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990) (citing *Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755, 758 (5th Cir. 1990)); *St. Luke's Episcopal Hosp. Corp. v. Stevens Transport, Inc.*, 172 F. Supp. 2d 837, 843

(S.D. Tex. 2001).  Moreover, ERISA can preempt state law causes of action brought by the plaintiff as a traditional ERISA entity or in some other capacity if the causes of action would affect the relationship among the traditional entities.  *See Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569, 578 (5th Cir. 1992); *Hermann Hosp.*, 962 F. Supp. at 996, 997 n.2.

It is clear that ERISA does not preempt state law causes of action when asserted by "an independent, third-party health care provider . . . against an insurer for its negligent misrepresentation regarding the existence of health care coverage." *Transitional Hosps. Corp. v. Blue Cross and Blue Shield of Texas, Inc.*, 164 F.3d 952, 954 (5th Cir. 1999) (citing *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 243-46 (5th Cir. 1990)).  Where, however, it is undisputed that there is some coverage, the Court must determine whether the causes of action are "dependent on, and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan." *Transitional*, 164 F.3d at 955 (citing *Cypress Fairbanks Med. Cntr., Inc. v. PanAmerican Life Ins. Co.*, 110 F.3d 280, 284 (5th Cir. 1997)).  Stated differently, to the extent a state law cause of action is based on a misrepresentation that the patient is covered under an ERISA plan, the cause of action is not preempted. *See Transitional*, 164 F.3d at 955.  To the extent, however, that a state law cause of action is based on misrepresentations regarding the extent of coverage under an

ERISA plan or the manner of processing and disposing of the claim for payment by the ERISA plan, the cause of action is preempted.  *See id.*; *Hermann Hosp. v. The Central States, Southeast and Southwest Areas Health and Welfare Fund*, 962 F. Supp. 993, 997 (S.D. Tex. 1997).

In this case, Access alleges that United made representations regarding the existence of coverage under the plans,[3] that the coverage extended to the devices at issue, and that United would process claims for payment submitted by Access.  Access does not allege that United's representations regarding the existence of coverage were incorrect as to any patient, and United has not denied that any patient at issue was covered under an ERISA plan.  Consequently, the state law causes of action in this case do not involve allegations that the insurer misrepresented the existence of coverage.  Instead, Access alleges only that United misrepresented that the coverage extended to the devices at issue and that United would process claims submitted directly by Access.

Plaintiff's reliance on *Transitional* is unavailing.  In *Transitional*, the plaintiff alleged that the insurer misrepresented that it would pay 100% of all bills after Medicare benefits were deducted.  *Transitional*, 164 F.3d at 955.  In this case, unlike

---

[3]      Access in its Response challenges whether the plans covering L.C. and D.T. constitute ERISA plans, but the argument is refuted by the plain language of the plan documents.  Access does not persist in this challenge in its Sur-Reply.

the situation in *Transitional*, there is no allegation that United representatives told Access that it would pay 100% of all bills submitted for payment regardless of the terms of the aaplicable ERISA plan.

Access's state law causes of action do not involve alleged misrepresentations regarding the existence of coverage under the relevant ERISA plans.  Instead, Access challenges United's handling and disposition of Access's request for payment for claims covered by an ERISA plan and, therefore, the state law causes of action are preempted.  *See, e.g., Mayeaux*, 376 F.3d at 432-33; *Hermann Hosp.*, 962 F. Supp. at 997.

## IV.  <u>CONCLUSION AND ORDER</u>

Access's state law claims as to the three exemplar cases relate to an ERISA plan.  Fundamentally, Access is challenging United's processing and disposition of its claims for payment from existing ERISA plans under which the exemplar patients were covered.  As a result, the state law claims are preempted by ERISA, and it is hereby

**ORDERED** that United's Motion for Partial Summary Judgment on Preemption [Doc. # 84] is **GRANTED**.

SIGNED at Houston, Texas, this **<u>4th</u>** day of **October, 2010**.

Nancy F. Atlas
United States District Judge