IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACCESS MEDIQUIP L.L.C., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-09-2965 | |
| § | | |
| UNITEDHEALTH GROUP § | | |
| INCORPORATED, *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Leave to Designate Responsible Third Parties ("Motion") [Doc. # 126] filed by Defendant UnitedHealthcare Insurance Company ("United"), to which Plaintiff Access Mediquip, L.L.C. ("Access") filed a Response [Doc. # 143], and United filed a Reply [Doc. # 152]. Having carefully considered the record and the applicable legal authorities, the Court **grants** the Motion.

## I. BACKGROUND

Access facilitates the acquisition of and payment for medical devices used in surgery. Specifically, Access provided medical devices that were used in surgical procedures performed on patients who were enrolled in health insurance plans issued or administered by United. Access alleges that, as to each of these devices, it

contacted United before accepting the referral to facilitate acquisition of the particular medical device. Access alleges that, in each case, it was informed by United's representative that the patient was covered by a health insurance plan, that the relevant device was covered, and that Access could bill United directly. Access alleges that United subsequently failed to pay Access the full amount billed. Access asserts causes of action based, *inter alia*, on theories of negligent misrepresentation, *quantum meruit* and unjust enrichment.

United responds that certain patients, listed on Exhibit A to the Motion, were obligated under the insurance plans to pay for all or part of the cost of the device they received through Access. United responds also that it paid certain medical facilities, listed in Exhibits B and C to the Motion, in full for the devices and that those facilities were in turn obligated to pay Access. United now seeks leave to designate these patients and medical facilities as Responsible Third Parties under Chapter 33 of the Texas Civil Practices and Remedies Code. United's Motion to designate these responsible third parties has been fully briefed and is now ripe for decision.

## II.   ANALYSIS

Under Texas law, a "defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE § 33.004(a); *Boenig v. StarnAir, Inc.*, 283

S.W.3d 444, 447 (Tex. App. – Fort Worth 2009, no pet.).  A responsible third party is defined as any

> person who is alleged to have caused or contributed to causing *in any way* the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

TEX. CIV. PRAC. & REM. CODE § 33.0011(6) (emphasis added); *Boenig*, 283 S.W.3d at 447.  A "responsible third party must be one who could have been, but was not, sued by the claimant, and must be potentially liable *to the plaintiff* for the damages claimed against the named defendant(s)." *J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 201 (Tex. App. – Houston [14th Dist] 2006, no pet.) (emphasis in original) (citing TEX. CIV. PRAC. & REM. CODE § 33.011(6)(A)(ii) and (iii)).

Leave to designate a responsible third party should be granted unless another party establishes that the movant "did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure . . .." TEX. CIV. PRAC. & REM. CODE § 33.004(g); *Boenig*, 283 S.W.3d at 447.  After an adequate time for discovery, a party may move to strike the "responsible third party" designation based on the lack of evidence to support the designated party's responsibility for any portion of the plaintiff's alleged damages.

*See* TEX. CIV. PRAC. & REM. CODE § 33.004(l); *Flack v. Hanke*, ___ S.W.3d ___, 2010 WL 3993941, *8 (Tex. App. – San Antonio 2010, no pet.).

In this case, Access alleges, *inter alia*, that United is liable for payment for the medical devices based on theories of negligent misrepresentation, unjust enrichment and *quantum meruit*. United alleges that the patients it seeks to designate as responsible third parties contributed to the harm (nonpayment for the medical devices) for which Access seeks recovery in this case. Specifically, United alleges that the patients received the medical devices and failed to pay for them. United also alleges that the medical facilities contributed to the harm for which Access seeks recovery because the facilities were paid for the devices and failed to pay Access. United alleges that these patients and health care facilities were unjustly enriched and that they acted wrongfully and in violation of a "common law tort-based duty" to Access.

Access argues that the patients and medical facilities should not be designated as responsible third parties because their conduct was unrelated to United's conduct. To satisfy the requirements for designation as a responsible third party, however, the proposed designee must only have contributed to causing **in any way** the harm for which the plaintiff seeks recovery. Because the responsible third party can contribute to the harm "in any way," there can be no requirement that the party contribute in the same way as the defendant. *See Flanagan v. Wells Fargo Fin. Nat'l Bank*, 2009 WL

2143439 (E.D. Tex. July 14, 2009). In *Flanagan*, the plaintiff sued the bank for engaging in unreasonable collection efforts and reporting false information to various credit reporting agencies. The defendant bank sought to designate as responsible third parties two of the plaintiff's family members who allegedly opened the credit card account at issue in the plaintiff's name but without his knowledge and consent. The bank alleged that this constituted, *inter alia*, fraud and unjust enrichment. The plaintiff objected to the designation of his family members as responsible third parties because their alleged misconduct was unrelated to the bank's conduct. The district court disagreed, finding that the two family members "could potentially be responsible third parties because one or both allegedly caused the situation to occur." *See Flanagan*, 2009 WL 2143439 at *3. The Court finds the *Flanagan* decision to be persuasive and similarly finds in this case that the patients and medical facilities that United seeks to designate as responsible third parties could have contributed to causing the damages – unpaid bills – for which Access seeks recovery in this case.[1] As a result, designation of these patients and facilities as responsible third parties under the Texas Civil Practices and Remedies Code is appropriate.

---

[1] The decision in *Flanagan* also refutes Access's argument that a defendant can designate only a "joint tortfeason" as a responsible third party. There is no basis to argue or conclude that the defendant bank and the two family members in *Flanagan* were joint tortfeasors.

### III.  CONCLUSION AND ORDER

United has alleged adequately that the patients and the medical facilities at issue "caused or contributed to" the harm for which Access seeks recovery in this case. Access has not established that United failed to satisfy the pleading requirements of the Texas statute governing the designation of responsible third parties. As a result, it is hereby

**ORDERED** that United's Motion for Leave to Designate Responsible Third Parties [Doc. # 126] is **GRANTED**.

SIGNED at Houston, Texas, this 12th day of **November, 2010**.

_____
Nancy F. Atlas
United States District Judge