IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ACCESS MEDIQUIP L.L.C., § | |
|     Plaintiff, § | |
| § | |
| v.     § | CIVIL ACTION NO. H-09-2965 |
| § | |
| UNITEDHEALTH GROUP § | |
| INCORPORATED, *et al.*, § | |
|     Defendants. § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Reconsider [Doc. # 132] filed by Plaintiff Access Mediquip, L.L.C. ("Access"), to which Defendant UnitedHealthcare Insurance Company ("United") filed a Response [Doc. # 151], and Access filed a Reply [Doc. # 156]. Also pending is Plaintiff's Alternative Rule 54(b) Motion and Request for Stay [Doc. # 133], to which Defendant filed a Response [Doc. # 153], and Plaintiff filed a Reply [Doc. # 155].[1] Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion for Reconsideration and **grants** the Alternative Rule 54(b) Motion and Request for Stay. The Court will enter final judgment on its summary judgment ruling on the preemption issue, allowing

---

[1] Plaintiff filed a separate Motion for Oral Argument [Doc. # 134]. Because the issues can be decided on the parties' briefing, the Court denies the request for oral argument.

Access to pursue an immediate appeal.  The Court will also stay all other matters in this lawsuit pending the completion of that appeal.

## I. BACKGROUND

Access facilitates the acquisition of and payment for medical devices used in surgery.  There are thousands of claims in issue in this case involving pain pumps and non-pain pump devices provided by Access.  To facilitate and manage the case efficiently, the Court required discovery initially on only the largest 300 non-pain pump claims.

Access provided a majority of the 300 non-pain pump medical devices for use in surgical procedures performed on patients who were enrolled in plans governed by the Employee Retirement Income Security Act ("ERISA") and administered by United.  Access alleges that, as to each of these devices, it contacted United before accepting the referral to facilitate acquisition of the particular medical device. Access alleges that, in each case, it was informed by United's representative that the patient was covered by the relevant ERISA plan, that the relevant device was covered, and that Access could bill United directly.  Access alleges that United subsequently failed to pay Access the full amount billed.  Access sued United, asserting state law causes of action for promissory estoppel, *quantum meruit*, unjust enrichment, negligent misrepresentation, and violations of the Texas Insurance Code.

United filed a Motion for Summary Judgment, arguing that Access's state law causes of action as to the majority of the non-pain pump claims were preempted by ERISA. United identified three "Exemplar Claims" as the focus of its Motion for Summary Judgment and presented evidence on those three claims.[2] As to the three Exemplar Claims, the Court granted summary judgment that ERISA preempted the state law causes of action. *See* Memorandum and Order [Doc. # 124], entered October 4, 2010.

Access moved for reconsideration of the Court's summary judgment ruling and, alternatively, for entry of final judgment on the three Exemplar Claims, as well as a stay pending the appeal of that final judgment. The two motions have been fully briefed and are now ripe for decision.

## II.   **MOTION FOR RECONSIDERATION**

Access seeks reconsideration of the Court's summary judgment ruling that ERISA preempts Access's state law causes of action as to the three Exemplar Claims. A motion to reconsider, construed as a motion to alter or amend judgment pursuant

---

[2]   Patient L.G. was a patient at Century City Doctors Hospital ("Century City") and Access provided a lumbar prosthesis for use in L.G.'s back surgery. Patient L.C. was also a patient at Century City, and Access provided spine fusion instrumentation for use in L.C.'s back surgery. Patient D.T. was a patient at University General Hospital ("University General"), and Access provided a spinal cord stimulator to be implanted during D.T.'s back surgery.

to Rule 59(e) of the Federal Rules of Civil Procedure, must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 478-79. Importantly, a motion for reconsideration "is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Access argues that the Court committed manifest errors of law by misinterpreting *Transitional Hospitals Corp. v. Blue Cross & Blue Shield of Texas, Inc.*, 164 F.3d 952 (5th Cir. 1999), and by failing to apply the Fifth Circuit's "actual preemption test" as stated in *Transitional*. The Court's Memorandum and Order

refutes Access's arguments regarding *Transitional*. The Court correctly stated and applied the *Transitional* test. *See* Memorandum and Order [Doc. # 124], pp. 6-8. The Court noted that, in cases where there is some coverage under an ERISA policy, *Transitional* requires the Court to "determine whether the causes of action are 'dependent on, and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan.'" *Id.* at 6 (quoting *Transitional*, 164 F.3d at 955). The Court then considered Access's allegations in this case as to the three Exemplar Claims and determined that Access fundamentally alleged that "United misrepresented that the coverage extended to the devices at issue and that United would process claims submitted directly by Access." *Id.* at 7. The Court's ruling accurately applies the guidance in *Transitional*. Unlike the situation in that case, Access makes no allegation that United promised to pay all bills submitted by Access regardless of the terms of the applicable ERISA plan. Similarly, there is no allegation that United represented that it would process Access's bills in a manner or under conditions other than would be consistent with the terms of the ERISA plan. As a result, unlike in *Transitional* where the insurer allegedly represented that it would pay 100% of all bills submitted (subject only to the deduction of Medicare benefits), in this case the amount United was obligated to pay Access is dependent on and must be determined under the terms of the applicable ERISA plan. The Court properly interpreted and

applied the *Transitional* test, and no alteration of the Court's summary judgment ruling on preemption is warranted as to the three Exemplar Claims.

Access also argues that the Court mischaracterized the three Exemplar Claims as merely complaining that "Defendant did not 'process' or 'handle' Plaintiff's claims properly." *See* Motion for Reconsideration [Doc. # 132], p. 2. The Court accurately described Access's allegations as to the three Exemplar Claims. *See* Memorandum and Order, pp. 3-4. The Court noted that Access "challenges United's handling ***and disposition*** of Access's request for payment for claims covered by an ERISA plan." *See id.* at 8 (emphasis added). The Court did not mischaracterize Access's three Exemplar Claims as alleging only that United did not process or handle the three claims correctly.

The Court has carefully reviewed Access's challenges to the Memorandum and Order granting summary judgment based on ERISA preemption as to the three Exemplar Claims. For the reasons stated in the Memorandum and Order, the three Exemplar Claims are preempted by ERISA. As discussed herein, the Court concludes that Access has failed to demonstrate a manifest error of law or fact requiring reconsideration of the Court's prior ruling.

## III.   RULE 54(b) MOTION AND REQUEST FOR STAY

In the alternative, Access seeks entry of a final judgment as to the three Exemplar Claims pursuant to Rule 54(b) and a stay of this lawsuit as to the remaining claims.  Rule 54(b) provides for entry of a final judgment as to some but not all claims in a lawsuit "if the court expressly determines that there is no just reason for delay."  FED. R. CIV. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 9 (1980).  Entry of a final judgment pursuant to Rule 54(b) requires a finding that the ruling is final as "an ultimate disposition of an individual claim entered in the course of a multiple claims action" and that there is "no just reason for delay" in entering the final judgment.  *Curtiss-Wright Corp.* at 7-8.

A Rule 54(b) final judgment "reflects a balancing of two policies:  avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoid[ing] piecemeal appeals."  *Eldredge v. Martin Marietta Corp.,* 207 F.3d 737, 740 (5th Cir. 2000) (internal quotations and citations omitted).  "A court should consider such factors as: "(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against

the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Abecassis v. Wyatt*, 2010 WL 2671576, *2 (S.D. Tex. June 30, 2010) (Rosenthal, J.) (quoting *Akers v. Alvey,* 338 F.3d 491, 495 (6th Cir. 2003)).

In this case, United does not oppose the Rule 54(b) final judgment and corresponding stay pending the appeal if two conditions are satisfied. First, United wants the Court's summary judgment ruling on the three Exemplar Claims to apply to all similar top-300 non-pain pump claims. United also wants Access to stipulate that it does not intend to seek relief under ERISA for any of the claims for which Access does not have an assignment from the ERISA plan participant. Access argues that a Rule 54(b) final judgment is appropriate even without the conditions requested by United.

The Court finds that the two conditions have effectively been satisfied. Although the parties presented evidence only on the three Exemplar Claims and the Court ruled on those three claims, both parties agree that the same reasoning and result will likely apply to all claims involving similar situations. As to the second condition, Access "acknowledges that it has not and will not seek recovery under ERISA for the Exemplar Claims, or for any other state-law claim for which it has no rights under an

[assignment]." *See* Reply [Doc. # 155], p. 10. The Court accepts and relies on Access's representation in this regard when granting the request for a Rule 54(b) final judgment and a corresponding stay pending appeal.[3] Consequently, the two conditions requested by United have, in substance, been satisfied.

Even if United's conditions were not satisfied, the Court finds that Access has established the requirements for entry of a Rule 54(b) final judgment. The summary judgment ruling is final as to the three Exemplar Claims. Indeed, the Court herein has denied Access's Motion to Reconsider, declining to alter the preemption ruling.

The Court finds also that there is no just reason for delay. The three Exemplar Claims and the majority of the remaining claims are closely related such that an appellate court ruling on whether ERISA preempts the state law causes of action as to the Exemplar Claims will affect resolution of the remaining claims. A Rule 54(b) final judgment on the Exemplar Claims – together with a stay pending appeal – is an efficient way to avoid duplicative, potentially unnecessary, discovery, motion practice,

---

[3] Judicial estoppel is an equitable doctrine that "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347 (5th Cir. 2008) (quotation omitted). The purpose of judicial estoppel is to "protect the essential integrity of the judicial process by reducing the risk of inconsistent court determinations." *Id.* (internal quotations omitted). Courts generally identify two limitations on the application of judicial estoppel: (1) the position of the party to be estopped must be clearly inconsistent with a prior position, and (2) the court must have accepted the prior position. *Id.*

and trials. This Court has denied Access's request for reconsideration of the preemption ruling, leaving little (if any) possibility that the need for appellate review might be mooted by future developments before this Court. Because the Exemplar Claims appear to be representative of most remaining claims, it seems very unlikely that the appellate court would ever be required to consider the same preemption issue again in this case. United's recently-filed counterclaim cannot result in a set-off against a summary judgment holding that the Exemplar Claims are preempted by ERISA and there is, consequently, nothing against which to "set off" any amount recoverable by United on its counterclaim.

The miscellaneous factors also weigh in favor of the Rule 54(b) final judgment. A decision by the appellate court on the preemption issue will provide necessary clarity and guidance for resolving the remaining claims at issue in this case. If the Court were to deny entry of a Rule 54(b) final judgment and the preemption ruling were ultimately reversed by the appellate court, all proceedings in this court between entry of this Memorandum and Order and entry of a final judgment on all claims would be a waste of the time and resources of the Court and both parties. There is no just reason for delay and the entry of a Rule 54(b) final judgment best serves the interests of the Court and the parties.

## IV. CONCLUSION AND ORDER

The Court has carefully considered Access's arguments regarding the summary judgment ruling on the preemption issue as to the three Exemplar Claims. Based on that review, the Court concludes that its prior decision is correct and that Access has not demonstrated a manifest error of law or fact. Consequently, the Motion to Reconsider should be denied.

The Court agrees, however, that there is no just reason for delay and final judgment as to the three Exemplar Claims should be entered on those three claims. Accordingly, it is hereby

**ORDERED** that Access's Motion to Reconsider [Doc. # 132] is **DENIED**. It is further

**ORDERED** that Access's Alternative Rule 54(b) Motion and Request for Stay [Doc. # 133] is **GRANTED**. The Court will issue a separate final judgment on the three Exemplar Claims. It is further

**ORDERED** that all remaining issues in this case are **STAYED** and the case is **ADMINISTRATIVELY CLOSED** pending completion of the appeal.

SIGNED at Houston, Texas, this **19th** day of **November, 2010**.

Nancy F. Atlas
United States District Judge