IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACCESS MEDIQUIP L.L.C., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2965 |
| | § | |
| UNITEDHEALTH GROUP | § | |
| INCORPORATED, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss First Amended Counterclaim ("Motion to Dismiss") [Doc. # 217] filed by Plaintiff Access Mediquip, L.L.C. ("Access"), to which Defendant UnitedHealthcare Insurance Company ("United") filed a Response [Doc. # 231], and Access filed a Reply [Doc. # 234]. Having carefully considered the record and the applicable legal authorities, the Court **denies** the Motion to Dismiss.

**I.     BACKGROUND**

Access facilitates the acquisition of and payment for medical devices used in surgery. Specifically, Access provided medical devices that were used in surgical procedures performed on patients who were enrolled in health insurance plans issued or administered by United. Access alleges that it contacted United before accepting

the referral to facilitate acquisition of the particular medical device and was informed by United's representative that the patient was covered by a health insurance plan, that the relevant device was covered, and that Access could bill United directly. Access alleges that United subsequently failed to pay Access the full amount billed.

United filed a First Amended Counterclaim [Doc. # 204], asserting claims under the Employee Retirement Income and Security Act ("ERISA"), as well as state law claims for fraud, negligent misrepresentation, unjust enrichment, and tortious interference with United's contracts with hospitals and surgical centers participating in United's network. United seeks to recover damages of at least $10 million.

Access moved to dismiss the First Amended Counterclaim. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

## III.  ANALYSIS

Much of Access's Motion to Dismiss is based on a misunderstanding of United's claims. For example, Access argues that United lacks standing and that its common law claims should be dismissed because United was obligated to pay for the devices and, therefore, has no cognizable injury. United alleges, however, that it was not obligated to pay *Access*. If, as alleged, payments to Access were based on the misrepresentation that Access had a valid assignment, United could remain subject to liability to the plan beneficiaries or their health care providers. United clearly alleges an injury in fact that is sufficient to confer standing to assert its counterclaims.

Additionally, Access argues that United's claims should be dismissed because an assignment can be demonstrated in various ways, including by checking a box on a claims form. United is not arguing, however, that a valid assignment could not be communicated by checking a box on a claims form. United is arguing that Access did not have a valid assignment and that its checking the box on the claims for was a material misrepresentation.

Other arguments in the Motion to Dismiss are based on Access's belief that United will not be able to prove its allegations. For example, United has adequately alleged that the funds it paid to Access are identifiable, that the funds properly belong to United, and that Access has control of the funds. As a result, United has adequately *alleged* a claim for equitable restitution under ERISA. Whether United can prove those allegations is not properly before the Court on a motion to dismiss.

Access's argument that United's state law claims are preempted by ERISA is equally unpersuasive. Some of the plans under which United made payments to Access were not ERISA plans. As to the payments made in connection with ERISA plans, United alleges that Access misrepresented that it had an assignment from the plan beneficiary in order to obtain direct payment from United. These claims do not require consideration of the terms of any ERISA plan and, therefore, are not preempted. *See Access Mediquip, L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 385 (5th Cir. 2011).

Access argues that United's fraud, misrepresentation, and unjust enrichment claims should be dismissed for failure to comply with Rule 9(b)'s heightened pleading requirement. Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty.*

*Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).  In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004); *see also Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) ("Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.").  Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred.  *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994).  While fraud must be pled with particularity, it "may be pleaded without long or highly detailed particularity."  *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).  In this case, United has satisfied the requirements of Rule 9(b) by alleging that Access's representatives misrepresented, by checking a box on the claims form, that Access had a valid assignment from a plan beneficiary.  United incorporates a 104-page list of payments that United made to Access based on the alleged misrepresentations.  *See* Sealed Exhibit [Doc. # 206].  Rule 9(b) requires no more detail than is provided by United in the First Amended Counterclaim.

Access's final argument is that United fails to allege adequately its tortious interference claim because there is no allegation that Access willfully or intentionally interfered with United's contracts. The allegations of tortious interference are subject to the notice pleading requirement of Rule 8(a). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff is obligated, however, to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). In this case, United alleges that Access knew of United's contracts with hospitals and surgical centers, and that Access "willfully and intentionally committed acts that were calculated to cause and in fact did cause damage to UnitedHeathcare" by inducing the health care facilities to ignore the billing and payment terms of their contracts with United. *See* First Amended Counterclaim, ¶¶ 36-37. United alleges that Access's willful and intentional conduct frustrated the purpose of United's contracts with the providers. *See id.*, ¶ 37. These allegations satisfy the requirements of Rule 8(a) for the tortious interference claim.

## IV.   <u>CONCLUSION AND ORDER</u>

United has standing and has adequately alleged each claim in its First Amended Counterclaim. As a result, it is hereby

**ORDERED** that Access's Motion to Dismiss First Amended Counterclaim [Doc. # 217] is **DENIED**.

SIGNED at Houston, Texas, this **17th** day of **June, 2013**.

Nancy F. Atlas
United States District Judge